**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-20908-CIV-GAYLES**

MIAMI-DADE COUNTY, et al.,

    Plaintiffs,
vs.

MIAMI MARLINS, L.P., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs Miami-Dade County and City of Miami's Motion to Remand Action to State Court [ECF No. 13]. The Court has reviewed the Motion and the record, considered argument of counsel at the hearing on July 10, 2018, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## BACKGROUND

This action arises out of Miami-Dade County (the "County") and the City of Miami's (the "City") funding of a stadium and parking garages for the Marlins Major League Baseball franchise (the "Team"). As a part of that project, in 2009, the County and City entered into a Non-Relocation Agreement with Miami Marlins, L.P. (the "Loria Marlins"). The Non-Relocation Agreement provides that if the Loria Marlins sold the Team within a specified timeframe, it would pay the County and City an "Equity Payment." The amount of the Equity Payment would be determined by a formula set forth in Section 6 of the Non-Relocation Agreement. In addition, Section 6 sets forth the requisite procedure for presenting and resolving disagreements over the calculation of the Equity Payment:

> The Team shall cause its independent accountants to provide the County and City a reasonably detailed calculation of the County/City Equity Payment (on a combined basis) under this Section 6, including a detailed calculation showing the assumed value, Net Proceeds and any other calculations the Team used to determine the amount payable, as promptly as practicable following any applicable sale. If the County or City do not provide a notice of objection within thirty (30) days after receiving the accountant's calculation, such calculation shall be final and binding and payment of any amount due shall be made not later than thirty (30) days after the expiration of such period. If the County or City does provide notice of objection, it shall specify in reasonable detail the basis for its objections. The objecting Government Party and the Team shall then seek to resolve any disagreements between them within the succeeding period of sixty (60) days. If the objecting Government Party and the Team are unable to resolve the dispute within such sixty (60) day period, each of them shall have the right to commence arbitration in accordance with the Operating Agreement. If the arbitrator shall enter a final, non-appealable order requiring payment from the Team under this Section 6, the Team shall pay such amount within thirty (30) days thereafter.

Non-Relocation Agreement at § 6 [ECF No. 1-2].

On October 2, 2017, the Loria Marlins sold the Team to Marlins TeamCo, LLC (the "Jeter Marlins") and assigned all of their rights, obligations, and liabilities under the Non-Relocation Agreement to the Jeter Marlins. *See* Assumption Agreement [ECF No. 1-4]. Notwithstanding the Assumption Agreement, the Loria Marlins retained responsibility for providing a calculation of the Equity Payment to the County and City and for making any Equity Payment owed. On February 1, 2018, the Loria Marlin's accountant provided the County with its calculation of the Equity Payment. The accountant's calculation resulted in a negative balance owed to the County and City.

On February 16, 2018, the County filed this action against the Loria Marlins and the Jeter Marlins (collectively, the "Marlins") in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") alleging claims for violations of the Miami-Dade County False Claims Act and the Florida Deceptive and Unfair Trade Practices Act and for breach of contract and of the implied covenant of good faith and fair dealing. The County also sought

declaratory and injunctive relief against the Marlins asking the court to declare that the Marlins breached their obligation to provide a detailed calculation of the Equity Payment and that the breach rendered the arbitration provision in Section 6 of the Non-Relocation Agreement inoperable. The County also moved for a preliminary injunction.

On February 18, 2018, following an evidentiary hearing, the State Court granted in part the preliminary injunction "for the reasons stated on the record." [ECF No. 1-9]. At the hearing, the State Court, found that: (1) the Equity Payment disclosure was not provided by an independent accountant; and (2) "the County and City were not provided reasonably detailed calculations to permit them to do a meaningful review or to comply with their contractual obligations to provide a reasonably detailed objection." The Court concluded that these failures rendered the arbitration provision "inoperable at this juncture in terms of the County's responsibilities to act within 30 and 60 days." [ECF No. 13-1 at 77-78]. As a result, the State Court "toll[ed], slash[ed], [and] enjoin[ed] the parties to [the] agreement from the responsibilities due within 30 to 60 days." *Id.* The Court specifically reserved ruling on arbitrability. *Id.* at 83 ("I don't want to make that decision [about arbitration] today. I think that would be a motion to compel arbitration . . . .").

On March 9, 2018, the Marlins removed the action to this Court pursuant 9 U.S.C. § 205, which permits removal of cases relating to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"). On March 26, 2018, the County and City moved to remand, arguing that this Court has no subject matter jurisdiction under the Convention.

## DISCUSSION

### A. Standard

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a).

The Court must strictly construe removal statutes, and resolve uncertainties in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing party bears the burden of showing removal was proper. *See Doe v. The Fla. Int'l Univ. Bd. of Trs.*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006).

### B. Jurisdiction Under the Convention

The Marlins assert this Court has original jurisdiction over this action pursuant to 9 U.S.C. § 205, which grants federal courts jurisdiction over arbitration agreements falling under the Convention. An arbitration agreement falls under the Convention when "(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Bautista v. Star Cruises*, 396 F.3d 1289, 1295 (11th Cir. 2005). "The party seeking to compel arbitration [under the Convention] bears the

4

burden of proving each of these jurisdictional prerequisites." *Singh v. Carnival Corp.*, 550 F. App'x 683, 685 (11th Cir. 2013).

   1. **Timing**

The County and City contend that the State court declared the arbitration agreement inoperable and that, therefore, the Marlins cannot proceed under the Convention because there is no operable arbitration agreement in writing. The Court does not read the State court's ruling as a declaration that the arbitration provision in the Non-Relocation Agreement is necessarily inoperable. Rather, the State court held that, because the Marlins failed to provide detailed calculations from an independent accountant, the agreement was inoperable "at this juncture." [ECF No. 13-1]. The State court then tolled the deadlines in the Non-Relocation Agreement such that the County and City would not be bound by the Marlins' Equity Payment calculation by failing to object within 30 days.

However, the Court does find that removal to this Court based on the arbitration provision is premature. The County and the City have yet to object to the accountants' calculations. Under the Non-Relocation Agreement, arbitration is available only after the County and City timely object to the calculations and after the parties "seek to resolve any differences between them" during a sixty-day negotiation period. Only after this sixty-day negotiation period is complete do the parties "have the right to commence arbitration in accordance with the Operating Agreement." [ECF No. 1-2]. Accordingly, the Court finds that the arbitration provision—and any right to remove based on this arbitration provision—has not been triggered. Removal is therefore premature.

## 2. Citizenship of the Parties

Because the Court finds removal to be premature, it declines to resolve the contested issue of whether the Marlins have met their burden of establishing that a party to the arbitration agreement is not a United States citizen. The Court notes, however, that the Marlins face an uphill battle in establishing the requisite citizenship to confer jurisdiction under the Convention. First, when the Non-Relocation Agreement was executed, all of the parties to the Agreement were United States citizens and, therefore, would not have been entitled to proceed under the Convention. *See Ioannis Skorlidis v. Celebrity Cruises, Inc.*, No. 08-22934-CIV, 2009 WL 129383, at *2 (S.D. Fla. Jan. 16, 2009) (noting that the Court looked at the plaintiff's citizenship at the time the agreement was entered to determine whether jurisdictional prerequisites under the Convention were met). The Loria Marlins' assignment of their rights to the Jeter Marlins likely did not change the applicability of the Convention or confer a more expansive right to arbitrate under the Convention. *See Nova Inform. Sys. Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1004 (11th Cir. 2004) ("[A]n assignee can acquire no greater rights than those possessed by the assignor himself.") (quoting *Pulte Home Corp., Inc. v. Ply Gem Indus., Inc.*, 804 F. Supp. 1471, 1481 (M.D. Fla. 1992)). In addition, even if the Court were required to look at the citizenship of the parties at the time of removal, the Jeter Marlins, a limited liability company, holds the citizenship of all of its members. *See Rolling Greens MHP v. Comcast SCH Holdings, LLC,* 374 F. 3d 1020, 1021-22 (11th Cir. 2004). Therefore, while its member Abernue, Ltd., is not a United States citizen, it is unclear whether the other members of the Jeter Marlins are United States citizens.[1] If some of its members are United States citizens, the Jeter Marlins would have both United States citizenship and the citizenship of the foreign members. As a result, the Court

---

[1] In the Notice of Removal [ECF No. 1] and the proposed Amended Notice of Removal [ECF No. 36-1], the Marlins indicate that the membership of Marlins Holdings LLC *includes* Abernue Ltd. The Marlins do not assert that Abernue Ltd. is the *sole* member of Marlins Holdings LLC.

could potentially disregard the Jeter Marlins' foreign citizenship when determining the applicability of the Convention, as other courts have done in the context of diversity jurisdiction. *See, e.g., Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1346-47 (11th Cir. 2017) (holding that in the diversity context under both § 1332(a) and § 1332(d)(2)(B) "only the American citizenship of the dual-citizen plaintiffs need be considered" and "find[ing] no basis for concluding that Congress intended corporate defendants . . . to be able to remove class action suits . . . in which all of the parties involved are citizens of the same state and the issues are of local rather than national importance – to federal court"). As a result, any subsequent removal of this local controversy between potentially all United States citizens is likely to fail due to lack of subject matter jurisdiction.

## CONCLUSION

Based thereon, it is

**ORDERED AND ADJUDGED** that this case is hereby **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending motions in this matter are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of August, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE